UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD CRANEY,

Plaintiff,

v.

DEPAULO,
Medical Doctor at Avenal State Prison

M.D.. MERRILLS,
Senior Registered Nurse

Defendants.

_______________________________/

CASE NO. 1:10-cv-01827-MJS (PC)

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

PLAINTIFF'S AMENDED COMPLAINT DUE DECEMBER 27, 2011

**SCREENING ORDER**

Plaintiff Donald Craney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983

Plaintiff filed this action on October 4, 2010. (Compl., ECF No. 1.) No other parties have appeared in the action.

Plaintiff's Complaint is now before the Court for screening.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently housed at California State Prison at Avenal. (Compl., ECF No. 1.) Plaintiff seeks to sue Defendant DePaulo for denial of adequate medical care, claiming "medical (m)alpractice, deliberate indifference, (and) negligence". Id. at 3. Plaintiff seeks to sue Defendant Merrills for covering up Defendant DePaulo's alleged conduct and denying Plaintiff his inmate appeal rights. Id. at 3-4. Plaintiff sues Defendant DePaulo in an individual capacity and Defendant Merrills in an individual and an official capacity. Id. at 3. Plaintiff seeks compensatory damages of $200,000 from each of the two Defendants. Id. at 3.

Plaintiff's Complaint alleges the following:

On or about July 18, 2008, Plaintiff was treated in the prison medical clinic by Defendant DePaulo, who provided an antibiotic, doxycycline, for a diagnosed bronchitis infection. Id. at 10. Plaintiff alleges that doxycycline was an inappropriate treatment and that Plaintiff suffered an allegeric reaction to the doxycycline, specifically "swelling of the face, lips, jaws, forehead, headaches, redness of the eyes, itching and swelling of the testicles." Id. at 10. On or about July 21, 2008, Plaintiff was treated for the allergic reaction at the prison medical clinic.

On or about August 4, 2008 Plaintiff was transported to Community Regional Medical Center in non-acute condition suffering from "fever, night sweats...hypertension...weight loss...redness of the eyes, knee pain, ankle pain, and elbow pain." Id. at 18, 21-22. Plaintiff was evaluated, treated and discharged from the hospital on August 6, 2008. Id. at 18.

Plaintiff believes that Defendant Defendant DePaulo was negligent and

deliberately indifferent to Plaintiff's medical needs. Plaintiff believes that Defendant Merrills, who interviewed Plaintiff and reviewed his appeal after the above events above, engaged in a cover-up or conspiracy and denied Plaintiff his inmate appeal rights.

## III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### A. Claims Against Defendant DePaulo.

Plaintiff alleges that Defendant DePaulo violated Plaintiff's Eighth Amendment rights by providing negligent medical care and by being deliberately indifferent to Plaintiff's medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97

S.Ct. 285 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted).

Plaintiff has sufficiently pled a serious medical condition by alleging bronchitis and an allergic reaction that had potential to cause significant injury.  However, Plaintiff has not shown that Defendant DePaulo was deliberately indifferent to Plaintiff's medical needs.

To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

(citing Estelle v. Gamble, 429 U.S. 97, 105-106 (1976)).

There is nothing in this pleading to suggest that Defendant DePaulo was deliberately indifferent to Plaintiff's medical needs.  To the contrary, the complaint alleges that he undertook to treat Plaintiff with an antibiotic, doxycycline.  There is no basis to conclude that Defendant DePaulo knew or should have known of Plaintiff's apparent allergy to that antibiotic and deliberately disregarded that risk.

Plaintiff will be given leave to amend this claim. In his amended complaint Plaintff must allege how Defendant DePaulo was aware of Plaintiff's allergy to doxycycline and set forth the basis, if any, for a contention that defendant DePaulo, or anyone else for that matter, deliberately disregarded the risk imposed by using that medication or otherwise acted with deliberate indifference to Plaintiff's needs.  The mere allegation that someone prescribed a medication which in hindsight proved to be inappropriate or that someone made some other error in medical judgment does not create a cognizable claim.

**B.     Claims against Defendant Merrills.**

Plaintiff alleges that Defendant Merrills interviewed Plaintiff and reviewed his appeal after the above events occurred, but did not provide him with the name of the individual who treated him.  He claims that the refusal to identify the treating individual was in furtherance of a cover-up or conspiracy to hide inadequate medical care and deny Plaintiff his inmate appeal rights.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. Wolff v. McDonell, 418 U.S. 539, 556 (1974).   Conspiracy under § 1983 merely provides a

mechanism by which to plead or prove a constitutional violation or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). Although conspiracy claims are actionable under § 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742. A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152, 40 Ed. Law Rep. 106 (2d Cir. 1987).

There is nothing in the pleading to suggest that Defendant Merrills took or participated in any action or inaction designed to deprive Plaintiff of his right to use the inmate appeal process. Indeed, it appears from the Complaint that Plaintiff did avail himself of and completed the appeal process. Plaintiff has not met the standard to show an actual deprivation of any constitutional right.

## IV. CONCLUSION AND ORDER

The Court finds that, as pled, Plaintiff's Complaint fails to state any claim upon which relief could be granted. From the Court's review, Plaintiff's present pleading does nothing more than suggest that he, regrettably, had an unexpected allergic reaction to a common medication. Even though that event presumably was very disturbing and perhaps frightening to Plaintiff, it does not amount to a constitutional violation upon which he may sue. The same is true with the difficulty apparently encountered in discovering the name of the medical practitioner who provided the medication. The Court will give Plaintiff an opportunity to file an amended complaint and allege other

facts which, if true, show that someone with a duty to act deliberately failed to take steps to prevent harm to Plaintiff or otherwise deprived him of constitutional rights. Plaintiff should read this Screening Order carefully and prepare and submit an amended complaint only if he can therein allege true facts which meet the standards spelled out in this Order.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith 507 F.3d 605 at 607 (C.A. 7 (Wis) 2007)) (no "buckshot" complaints).

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is ORDERED that:

1.	Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint curing the deficiencies identified by the Court in this Order.

2. The Clerk's Office shall send Plaintiff a civil rights Amended Complaint form, Plaintiff shall refer to the case number 1:10-cv-01827-MJS (PC).

3. Plaintiff's amended complaint is due December 27, 2011.

4. Plaintiff may not add any new, unrelated claims to his action via his amended complaint and any attempt to do so will result in an order striking the amended complaint.

5. If Plaintiff fails to comply with this Order, this action will be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: November 20, 2011

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE

ci4d6