1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    DONALD CRANEY,                          CASE NO. 1:10-cv-1827-MJS (PC)

10                        Plaintiff,          ORDER DISMISSING ACTION, WITH
                                             PREJUDICE, FOR FAILURE TO STATE
11         v.                                A CLAIM UPON WHICH RELIEF MAY
                                             BE GRANTED UNDER SECTION 1983
12   DePAULO, et al.
                                             (ECF No. 7)
13
                        Defendants.           CLERK SHALL CLOSE CASE
14
                                             ORDER THAT DISMISSAL IS SUBJECT
15                                           TO 28 U.S.C. § 1915(G)
                                          /
16

17         Plaintiff Donald Craney ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has

19   consented to the Magistrate Judge handing all matters in this action.  (ECF No. 5.)

20         On January 23, 2012, the Court issued an Order to Show Cause, ordering Plaintiff

21   to show cause as to why this action should not be dismissed for failure to comply with a

22   Court order directing him to file an amended complaint.  (ECF No. 7.)  Plaintiff was to

23   respond to this order by February 27, 2012.  (Id.) The February 27, 2012 deadline has

24   passed, and to date Plaintiff has not responded to this order.

25         Local Rule 110 provides that "failure of counsel or of a party to comply with these

26   Rules or with any order of the Court may be grounds for imposition by the Court of any and

27   all sanctions . . . within the inherent power of the Court."  District courts have the inherent

28   power to control their dockets and "in the exercise of that power, they may impose

-1-

1   sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

2   Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

3   based on a party's failure to prosecute an action, failure to obey a court order, or failure to

4   comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

5   (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

6   (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

7   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

8   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

9   v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

10   with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

11   for lack of prosecution and failure to comply with local rules).

12         In determining whether to dismiss an action for lack of prosecution, failure to obey

13   a court order, or failure to comply with local rules, the Court must consider several factors:

14   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

15   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

16   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

17   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

18   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19         In the instant case, the Court finds that the public's interest in expeditiously resolving

20   this litigation and the Court's interest in managing its docket weigh in favor of dismissal.

21   The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

22   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

23   action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

24   policy favoring disposition of cases on their merits -- is greatly outweighed by the factors

25   in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

26   to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

27   requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

28   779 F.2d at 1424.  The Court's order expressly stated: "Plaintiff is hereby on notice that

failure to meet this deadline will result in dismissal of this action." (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED with prejudice based on Plaintiff's failure to state a claim and failure to prosecute.  The Clerk of the Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:    March 13, 2012         _____ /s/ *Michael J. Seng* _____
                                            UNITED STATES MAGISTRATE JUDGE